AO 472  (Rev. 12/03)  Order of Detention Pending Trial

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| UNITED STATES OF AMERICA | ORDER OF DETENTION PENDING TRIAL |
|---|---|
| v. | Case Number: 07-20195-01 |
| ERNEST BROWN | |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held.  I conclude that the following facts require the detention of the Defendant pending trial in this case.

**Part I—Findings of Fact**

Does not apply.

**Alternative Findings (A)**

(1)  There is probable cause to believe that the Defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

(2)  The Defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community.

**Alternative Findings (B)**

(1)  There is a serious risk that the Defendant will not appear.

(2)  There is a serious risk that the Defendant will endanger the safety of another person or the community.

**Part II—Written Statement of Reasons for Detention**

The Government moves for detention pursuant to 18 U.S.C. § 3142, and argues that the presumption in favor of detention applies. As this Defendant faces a potential

mandatory life sentence, without parole, for alleged violations of the Controlled Substances Act, I agree that the presumption applies. Therefore, I am required to consider whether or not there is sufficient evidence to rebut the presumption in light of the factors set forth under 18 U.S.C. § 3142(g).

As to the factors set forth in § 3142(g)(1) and (g)(2), I find that the offense charged involves a narcotic drug, specifically powder cocaine, crack cocaine, and marijuana. I find that from the grand jury having passed an Indictment there is probable cause as to this Defendant.

As to the factors set forth in § 3142(g)(3), the Defendant is 39 years of age. Although he maintains a mailing address with his sister in Brownstown, Michigan, he resides with his girlfriend in the City of Detroit. The Defendant is currently employed at a hotel in Roseville, Michigan, as a certified lifeguard and in the security department. The Defendant previously worked for a landscaping company. When the Defendant was initially screened by Pretrial Services, he tested negative for any controlled substances.

In 1987 the Defendant was given a fine by Detroit Recorders Court on a charge of Disorderly Conduct. Two months later, in March of 1987, the Defendant was charged with Attempted Possession With Intent to Deliver Cocaine. In June of 1987 the Defendant was sentenced to four years of probation upon a conviction of Attempted Felony Controlled Substance - Delivery/Manufacture Less Than 50 Grams (Count 3); and sentenced to three to five years of confinement on another count of Attempted Felony Controlled Substance - Delivery/Manufacture Less Than 50 Grams (Count 4). In April of 1989, an arrest warrant for violation of this probation was issued because the Defendant was arrested on a charge of Carrying A Concealed Weapon. In October, the warrant was amended to include subsequent illegal activity, including the departure from the United

States into Canada; positive drug testing; and failure to pay court costs. The weapons charge was dismissed in November of 1989, however, the Defendant's probation was violated as a result of the other activity. In November of 1989 the Defendant was sentenced to three to five years confinement on the probation violation and for another conviction for Attempted Felony Controlled Substance - Delivery/Manufacture Less Than 50 Grams. The Defendant was paroled in December of 1990, and parole was terminated in December of 1993.

While on that period of parole, the Defendant was charged in federal court with Felon in Possession of Firearm in this Court. (Case number 91-80158). He was sentenced in June of 1991 to 21 months custody and three years of supervised release. Also, during that same period of parole, the Defendant was charged in December of 1992 in this Court with Possession With Intent to Distribute Cocaine and Cocaine Base; Use or Carrying a Firearm in Relation to a Drug Trafficking Crime; and Aiding and Abetting. (Case number 92-81127-19). He was sentenced in May of 1996, but the sentence was appealed. The Defendant's appeal was dismissed, however, the case was remanded on the government's Rule 35 motion. The Defendant was re-sentenced in May of 1997 on a conviction of Conspiracy to Distribute Narcotics and given 135 months custody and 60 months of supervised release.

Also in 1991, while on state parole, the Defendant was charged in this Court with Felon In Possession of Firearm. The Defendant was sentenced to 21 months custody and three years of supervised release. While in custody, the Pretrial Services report indicates that the Defendant was disciplined for assaulting another inmate and inflicting serious injury. In September of 1991, the Defendant was disciplined for threatening another inmate with serious bodily harm. The Defendant was released from federal custody in 1993, and

began serving three years of supervised release. While on release, although the Defendant reported as directed, he was arrested on two occasions for violations of the Controlled Substances Act and Disorderly Conduct.

In February of 1995 the Defendant was sentenced by the 36th District Court to 45 days in the Wayne County Work Force Program on a charge of Disorderly Conduct. Defense counsel argues that since no weapon or violent behavior was charged in the instant Indictment, this Defendant poses a negligible risk of harm to the community. This argument, however, overlooks that fact that at least six courts of appeal hold that continued dealing of controlled substances is, per se, a danger to the community. *U.S. v. Leon,* 766 F.2d 77 (2d Cir. 1985); *U.S. v. Strong,* 775 F.2d 504 (3d Cir. 1985); *U.S. v. Williams (Melvin),* 753 F.2d 329 (4th Cir. 1985); *U.S. v. Hare,* 873 F.2d 796, 798 (5th Cir. 1989); *U.S. v. Portes,* 786 F.2d 758 (7th Cir. 1986); and *U.S. v. Sazenski,* 806 F.2d 846 (8th Cir. 1986). Defense counsel also proposes the possibility of third party custodianship. While the Court presumes that the Defendant's family is supportive, the previously described history leaves no doubt that they have been completely unable to exert any meaningful control over this Defendant's behavior. Therefore, the presumption in favor of detention has not been rebutted. Even if it had, I conclude that there are absolutely no conditions or combination of condition which would reasonably assure the Defendant's appearance for future hearings or the safety of the community as required by the Bail Reform Act. The Defendant's repeated violations of both state and federal parole, probation, and supervised release conditions clearly demonstrate his unwillingness to abide by any set of conditions imposed by any court. Accordingly, the government's motion to detain is granted.

**Part III—Directions Regarding Detention**

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

                                            s/ *Charles E. Binder*
                                            CHARLES E. BINDER
Dated: April 20, 2007                United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Michael Hluchaniuk and David Koelzer, and served on Pretrial Services and the U.S. Marshal's Service in the traditional manner.

Date: April 20, 2007            By     s/Jean L. Broucek
                                        Case Manager to Magistrate Judge Binder