UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

v                                                           Case No. 07-20195-01
                                                           Honorable Thomas L. Ludington

D-1 ERNEST T. BROWN,

          Defendant.
_____/

**OPINION AND ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SENTENCE REDUCTION**

On April 11, 2007, Defendant Ernest T. Brown was indicted for one count of conspiracy to distribute 50 grams or more of cocaine base, two counts of distribution of 5 grams of cocaine base, one count of possession of 5 kilograms or more of marijuana, and six counts of using a telephone to facilitate a conspiracy to distribute cocaine. ECF No. 1. Defendant pleaded guilty on October 9, 2007 to Count One, conspiracy to distribute 50 grams or more of cocaine base. ECF No. 22. On April 10, 2008, Defendant was sentenced to 250 months incarceration. ECF No. 36 at PageID.147. He has now filed a motion for a reduction of his sentence pursuant to the First Step Act of 2018. His motion will be granted.

**I.**

**A.**

The Anti-Drug Abuse Act of 1986 established significant penalties for the possession and distribution of crack cocaine. The disparity between the penalties for distributing crack cocaine and powder cocaine was 100-to-1. As the Supreme Court observed, the Act "imposed upon an offender who dealt in powder cocaine the same sentence it imposed upon an offender who dealt in

one-hundredth that amount of crack cocaine." *Dorsey v. United States*, 132 S. Ct. 2321, 2326 (2012).

On August 3, 2010, Congress enacted the Fair Sentencing Act. Pub. L. No. 111–220, 124 Stat. 2372. Among other things, it reduced the statutory minimum sentences for crack cocaine offenses by increasing the quantity of crack cocaine necessary to trigger the minimums—raising the amount from 5 grams to 28 grams for the 5-year minimum sentence, and from 50 grams to 280 grams for the 10-year minimum sentence. *See* Fair Sentencing Act § (2)(a). It also directed the Sentencing Commission to conform the sentencing guidelines to the new statutory minimums. *Id.* § (8)(1). The Sentencing Commission then promulgated amendments to the guidelines, reducing the recommended sentencing ranges to levels consistent with the Fair Sentencing Act. *See* U.S. Sentencing Guidelines Manual App. C Amends. 750, 759 (2011).

**B.**

On December 21, 2018, Congress passed the First Step Act of 2018 ("FSA"). P.L. 115-391. The law permitted the retroactive application of the Fair Sentencing Act and the associated guideline ranges. Section 404 of the FSA provides.

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.
>
> (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made

under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

P.L. 115-391, Section 404.

**1.**

18 U.S.C. §3582 governs the reduction of a criminal sentence and provides that a "court may not modify a term of imprisonment once it has been imposed" except pursuant to specific exceptions. One of these exceptions is contained within 18 U.S.C. §3582(c)(1)(B) which provides:

> The court may not modify a term of imprisonment once it has been imposed except that--the court may modify an imposed term of imprisonment to the extent otherwise *expressly permitted by statute* or by Rule 35 of the Federal Rules of Criminal Procedure.

18 U.S.C. §3582(c)(1)(B) (emphasis added).

§3582(c)(1)(B) is the proper vehicle for implementing the FSA. As directed in §3582(c)(1)(B), the FSA "expressly permit[s]" the modification of a term of imprisonment. Moreover, many district courts in recent months have concluded that 18 U.S.C. §3582(c)(1)(B) is the proper method to implement the FSA. *See, e.g., United States v. Boulding*, 2019 WL 2135494, at *6 (W.D. Mich. May 16, 2019) ("The Court's authority to impose a modified sentence under the FSA is rooted in 18 U.S.C. §3582(c)(1)(B)."); *United States v. Potts*, 2019 WL 1059837, at *3 (S.D. Fl. Mar. 6, 2019) ("§3582(c) provides the procedural vehicle whereby this Court may modify Defendant's sentence."); *United States v. Delaney*, 2019 WL 861418, at *1 (W.D. Va. Feb. 22, 2019) ("Modifications of sentences under the FSA are governed by 18 U.S.C. §3582(c)(1)(B)…"); *United States v. Kamber*, 2019 WL 399935, at *2 (S.D. Ill. Jan. 31, 2019) (determining that the FSA "can serve as a basis for relief under §3582(c)(1)(B)").

When modifying a sentence under the FSA, the factors set forth in 18 U.S.C. §3553(a) will be considered. However, the FSA differs from sentencing proceedings on appellate remand because the text of the FSA provides for a reduced sentence, not a new sentence. Though the FSA does not reference §3553(a), considering the §3553(a) factors is consistent with the law surrounding sentence reductions in other contexts. For example, the Supreme Court in *Pepper* held that post-conviction behavior could be considered in the context of the §3553(a) factors when a defendant received a new sentence following an appeal. *Pepper v. U.S.* 562 U.S. 476 (2011). It explained that

> This Court has long recognized that sentencing judges "exercise a wide discretion" in the types of evidence they may consider when imposing sentence and that "[h]ighly relevant—if not essential—to [the] selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics." Congress codified this principle at 18 U.S.C. §3661, which provides that "[n]o limitation shall be placed on the information" a sentencing court may consider "concerning the [defendant's] background, character, and conduct," and at §3553(a), which sets forth certain factors that sentencing courts must consider, including "the history and characteristics of the defendant," §3553(a)(1).

*Id.* at 480 (quoting *Williams v. New York,* 337 U.S. 241, 246–247 (1949)). Considering additional information in the context of reviewing the §3553(a) criteria is consistent with the overall discretion granted to courts by the FSA in reducing sentences.

Moreover, other courts have determined that considering the §3553(a) factors to be appropriate when ruling upon a FSA sentence reduction. *See e.g. United States v. Boulding*, 2019 WL 2135494, at *6 (W.D. Mich. May 16, 2019); *United States v. Delaney*, 2019 WL 861418, at *1 (W.D. Va. Feb. 22, 2019). Furthermore, the United States Sentencing Commission has explained that the FSA "made no changes to 18 U.S.C. 3553(a), so the courts should consider the guidelines and policy statements, along with the other 3553(a) factors, during the resentencing." <u>First Step Act</u>, United States Sentencing Commission, Office of Education and Sentencing

Practice, 8 (Feb. 2019) , https://www.ussc.gov/sites/default/files/pdf/training/newsletters/2019-special_FIRST-STEP-Act.pdf. Accordingly, the Court will consider the factors presented in 18 U.S.C. §3553(a) when determining whether to reduce a petitioner's sentence under the FSA.

**2.**

Defendant contends that the FSA requires a "complete" or de novo resentencing. ECF No. 36 at PageID.148. He bases much of his argument on Congress's use of the term "impose" in the FSA which provides "A court that imposed a sentence for a covered offense may…*impose* a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." P.L. 115-391, Section 404(b) (emphasis added) (citation omitted). Defendant contends that "[f]ederal sentencing statutes use the verb 'impose' to mean 'sentence in light of all relevant factors.'" ECF No. 36 at PageID.148.

However, the FSA does not require plenary resentencing. It explicitly provides that, "Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section." P.L. 115-391, Sec. 404(c). It would make little sense to conclude that an entire resentencing is required when the statute provides that it is within the Court's discretion to determine whether it will reduce a sentence in the first instance. Furthermore, the FSA's use of the term "reduce" in the same context as the term "impose" indicates that Congress used the terms interchangeably. *Id.* Subsection (c) of the FSA provides:

> No court shall entertain a motion made under this section to *reduce* a sentence if the sentence was previously imposed or previously reduced in accordance with…the Fair Sentencing Act of 2010 or if a previous motion made under this section to *reduce* the sentence was…denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to *reduce* any sentence pursuant to this section.

*Id.* (emphasis added). Furthermore, other district courts have also concluded that a plenary resentencing hearing is not required. *See e.g United States v. Boulding*, 2019 WL 2135494, at *5

(W.D. Mich. May 16, 2019); *United States v. Potts*, 2019 WL 1059837, at *2–3 (S.D. Fl. Mar. 6, 2019). Accordingly, a plenary resentencing is not required solely because Congress used the term "impose" rather than "reduce."

**II.**

In reviewing motions brought pursuant to the FSA, two questions must be asked. First, an initial determination must be made about whether the petitioner is eligible for a sentence reduction. In order to be eligible, the petitioner must have been sentenced prior to August 3, 2010 (the date of the enactment of the Fair Sentencing Act) for a "covered offense" as defined in the FSA. The petitioner's circumstance must also not implicate one of the FSA's limitations found in Section 404(c). This initial step is categorical and focused solely on the petitioner's offense of conviction. If the petitioner meets this criteria, the Court moves to the second question. The petitioner's initial guideline range must be compared to the petitioner's new guideline range as modified by the Fair Sentencing Act. The §3553 factors must be reviewed as well as any other relevant information to determine whether the petitioner should receive a sentencing reduction.

**III.**

Defendant has a long criminal history, starting when he was 19 years old. He was raised by his mother and moved out of her house when he was 18 years old. He is now 51 years old. He has never been married and is the father of two children. He has a substance abuse history involving alcohol, marijuana, cocaine, and mescaline. The highest education Defendant achieved was a high school education, in which he graduated with a grade point average of 2.58 on a 4.0 scale. He has held a variety of employment positions, including pool staff for a hotel, a cleaning assistant, a landscape assistant, a sales representative, and laborer. His employment in each of these positions lasted less than a year.

On April 11, 2007, Defendant Ernest T. Brown was indicted for one count of conspiracy to distribute 50 grams or more of cocaine base, two counts of distribution of 5 grams of cocaine, one count of possession of 5 kilograms or more of marijuana, and six counts of using a telephone to facilitate a conspiracy to distribute cocaine. ECF No. 1. On June 26, 2007, the Government filed a Notice of "Penalty Enhancement Information" pursuant to 21 U.S.C. §851 alleging that Defendant had multiple prior felony convictions. ECF No. 16. Defendant pleaded guilty on October 9, 2007 to Count One, conspiracy to distribute 50 grams or more of cocaine base. ECF No. 22. The Rule 11 Plea Agreement provided the following stipulations:

(1) That for sentencing purposes the defendant is accountable for 50-150 grams of cocaine base which is an offense level 32 pursuant to §2D1.1(c)(4).

(2) That the defendant should be assessed a two-level increase for role in the offense pursuant to §3B1.1(c).

(3) That the government will file an amended information under 21 U.S.C. §851 alleging that the defendant has a single prior conviction for a felony drug offense.

(4) Based on the present circumstances, the U.S. Attorney recommends that the defendant be granted a reduction of two levels for acceptance of responsibility. Additionally, the U.S. Attorney agrees that the defendant has assisted the authorities, within the meaning of U.S.S.G. §3E1.1(b), in the prosecution of defendant's own misconduct by timely notifying authorities of the intention to plead guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. The U.S. Attorney therefore moves that the defendant be granted a third level reduction for acceptance of responsibility…

ECF No. 22 at 2–3.

Pursuant to 21 U.S.C. §841(b)(1)(A)(iii) and because of the Government's 21 U.S.C. §851 notice, Defendant faced a statutory minimum sentence of 20 years due to his prior convictions. ECF No. 36 at PageID.147; *see also* ECF No. 16. The statute provides "If any person commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, such person shall be sentenced to a term of imprisonment of not less than 20 years

and not more than life imprisonment…[and] a term of supervised release of at least 10 years in addition to such term of imprisonment." 21 U.S.C. §841(b)(1)(A)(iii).

Defendant's offense level was determined to be 34 and his guideline range was 262–327 months. ECF No. 36 at PageID.147; ECF No. 39 at PageID.158. The Court granted a 12-month variance and he was sentenced to 250 months incarceration. ECF No. 36 at PageID.147.

**IV.**

Defendant concedes that "[h]is guidelines range has not changed but his mandatory minimum is now ten years instead of twenty years, and his term of supervised release has been reduced from ten years to eight years." *Id.* The Government agrees that Brown meets the criteria of the Fair Sentencing Act, but argues that his sentence should not be reduced because his guidelines range has not changed. ECF No. 39 at PageID.161.

Defendant satisfies the initial eligibility test because he was sentenced in 2008 for a "covered offense" under the FSA, specifically conspiracy to distribute 50 grams or more of cocaine base. Under the second step of the test, the Court must consider whether he is entitled to a sentence reduction.

Under Section 4B1.1, Defendant's offense level was 37 because his statutory maximum penalty was life under 21 U.S.C. 841(b)(1)(A)(iii). ("If any person commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, such person shall be sentenced to a term of imprisonment of not less than 20 years and not more than life imprisonment…"). It was reduced to 34 for acceptance of responsibility. His resulting guideline range was 262 to 327 months. Under the Fair Sentencing Act, Defendant's offense level is still 34 due to his prior offenses and acceptance of responsibility.

The Fair Sentencing Act provides:

> In the case of a violation of subsection (a) of this section involving… 28 grams or more of a mixture or substance…which contains cocaine base… such person shall be sentenced to a term of imprisonment which may not be less than 5 years… If any person commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment…

21 U.S.C. §841(b)(1)(B). Defendant's guideline range is unchanged despite the reduction in the statutory minimum from 20 years to 10 years. The offense carries a maximum sentence of life making his offense level 37. With his acceptance of responsibility, it drops to 34. Accordingly, Defendant's guideline range is the same under the Fair Sentencing Act as it was on the date of his original sentencing in 2008.

Pursuant to Section 3553(a)(3), a Court must consider not only the guideline range, but also the statutory minimum and maximum penalties in reaching a sentencing decision. *See United States v. McCloud*, 730 F.3d 600, 610 (6th Cir. 2013) (explaining that consideration of "the kinds of sentences available" under 3553(a)(3) "necessarily includes the statutory minimum and maximum ranges."). Thus, the Court was required to consider the statutory minimum when imposing the initial sentence. That minimum has now changed as a result of an Act of Congress and approved by the President. Accordingly, Defendant is at least a potential candidate for a reduction even though his guideline range has not changed.

A Court must also consider a defendant's post-conviction conduct because it is a relevant factor under 18 U.S.C. §3553(a). *See supra* I.B.1. Defendant filed as an exhibit his Progress Report from the Bureau of Prisons. It provides "[Defendant] is currently employed with UNICOR and has a good rapport with his detail work supervisor. He has not completed a program since being at FCI Milan. He has maintained clear conduct since 2004. He has no financial obligations." ECF No. 42-1 at PageID.193.

In light of the foregoing, the Court concludes that Defendant's sentence will be reduced from 250 months to 230 months.

## V.

Defendant also requests that his term of supervised release be reduced from 10 years to 8 years. Under the Fair Sentencing Act, the mandatory minimum term of supervised release, considering Defendant's prior felony drug offense, is 8 years. *See* 21 U.S.C. §841(b)(1)(B). Accordingly, his motion to reduce his term of supervised release to 8 years will be granted.

## VI.

Accordingly, it is **ORDERED** that Defendant's motion for a reduced sentence, ECF No. 36, is **GRANTED** in **PART**.

It is further **ORDERED** that Defendant's sentence is reduced from 250 months to 230 months.

It is further **ORDERED** that Defendant's term of supervised release is reduced from 10 years to 8 years.

The Court will enter a form order entitled "Order Regarding Motion for Sentence Reduction Under the First Step Act of 2018" consistent with this order.

Dated: August 30, 2019
s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge